**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------X     **Index No.**
MARK SKURNICK,

                         Plaintiff,     **COMPLAINT**

        - against -     **PLAINTIFF DEMANDS**
                             **A TRIAL BY JURY**

FUJIFILM MEDICAL SYSTEMS U.S.A., INC.,

                        Defendant.
-----------------------------------------------------------------------X

Plaintiff MARK SKURNICK, by his attorneys, PHILLIPS & ASSOCIATES, Attorneys at Law,

PLLC, hereby complains of Defendants, upon information and belief, as follows:

## NATURE OF THE CASE

1.    Plaintiff MARK SKURNICK complains pursuant to the **Americans with Disability Act**

    **of 1990**, 42 U.S.C. § 12101, *et seq*. ("ADA") and the **New York State Human Rights**

    **Law**, New York State Executive Law § 296, *et seq.* ("NYSHRL") and seeks damages to

    redress the injuries Plaintiff suffered as a result of being **discriminated** against on the basis

    of his **disability** and by his employers in **retaliation** for taking a legally protected leave of

    absence.

## JURISDICTION AND VENUE

2.    Jurisdiction of this Court is proper under 28 U.S.C. §§1331, 42 U.S.C. §2000e-5(f)(3), and

    29 U.S.C. § 2617.

3.    The Court has supplemental jurisdiction over the claims of Plaintiff brought under state

    laws pursuant to 28 U.S.C. §1367.

4.    Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2), as a substantial part of the actions or omissions giving rise to the claims for relief, occurred within this judicial district.

## PROCEDURAL PREREQUISITES

5.    Plaintiff timely filed a Charge of Discrimination upon which this Complaint is based with the Equal Employment Opportunity Commission ("EEOC").

6.    Plaintiff received a Notice of Right to Sue from the EEOC, dated July 29, 2022, concerning the herein charges of discrimination. A copy of the Notice is annexed hereto.

7.    This action is being commenced within 90 days of receipt of said Notice of Right to Sue.

## PARTIES

8.    Plaintiff MARK SKURNICK (hereinafter "Plaintiff") is a resident of the State of New York, Suffolk County.

9.    At all relevant times, Plaintiff was employed by Defendant FUJIFILM MEDICAL SYSTEMS U.S.A., INC., a division of FUJIFILM HOLDINGS AMERICA CORP at their office located in Valhalla, New York.

10.    Defendant FUJIFILM MEDICAL SYSTEM U.S.A, INC.'s headquarters are located in Lexington, Massachusetts.

11.    Defendant FUJIFILM MEDICAL SYSTEMS U.S.A., INC. (hereinafter, "Defendant") is a New York corporation.

12.    Defendant is an "employer" under the relevant statutes.

## MATERIAL FACTS

13. In or about November of 2005, Plaintiff began working for Defendant as a Product Manager for Third-party Parts. As of June 2015, Plaintiff earned an annual salary of $136,508 in that position.  Plaintiff's salary at the time of termination was $136,508.

14. On Wednesday, June 5, 2019, Plaintiff suffered a Traumatic Brain Injury (TBI) after he fell down a flight of stairs. As a result of his fall, Plaintiff suffered a concussion and had two brain bleeds.

15. Plaintiff experienced excruciating headaches, as well as nausea and vomiting for three days after his accident.

16. Immediately after the accident, Plaintiff was unable to read, watch television, or work on a computer. Plaintiff was obliged to take leave for five days to recover as a reasonable accommodation.

17. Plaintiff's supervisor, Mandee Thompson ("Thompson"), Director of Operations, became aware of Plaintiff's accident and his ensuing symptoms.

18. Subsequent to Plaintiff's TBI, Plaintiff experienced persistent pains in his neck and shoulders. Plaintiff also suffered from memory loss, fractured speech and failure to recall words.

19. While recovering and following his TBI, in or around August 2019, Thompson gave Plaintiff additional job responsibilities which were originally performed by Defendants' procurement department.  These responsibilities now fell solely on Plaintiff even though they were previously handled by a team of individuals.

20. Plaintiff received no concurrent increase in salary or change in job title or description after assuming these additional responsibilities.

21.   When Plaintiff asked Sara McInturff ("McInturff"), Senior Manager of Human Resources, why his job responsibilities increased but there was no increase in compensation, McInturff replied that Plaintiff's was a "fluid position" and that the manager Thompson had the authority to change the job's role as she saw fit.

22.   Following Plaintiff's TBI, in or around July 2019 thorough Plaintiff's termination in June 2021, Thompson began berating and scolding Plaintiff on conference calls with other employees attending. Defendant's employees witnessed the scolding causing Plaintiff deep humiliation.

23.   In October of 2020, Defendants placed Plaintiff on a Performance Improvement Plan (PIP).

24.   Defendants terminated Plaintiff in May 25TH of 2021.

25.   Upon information and belief, Defendants did this in an effort to target Plaintiff due to his disability.

26.   But for his disability, Defendant would not have increased Plaintiff's job responsibilities, placed Plaintiff on a PIP, or terminated him.

27.   Plaintiff suffered an emotional breakdown after being placed on a PIP and was forced to seek counseling to cope with the new demands of his increased responsibilities.

28.   Plaintiff's protected activity put Defendant on notice that he was requesting reasonable accommodations for his disability.

29.   Plaintiff had, and/or Defendant perceived that he had, a physical impairment that substantially limits one or more of his major life activities.

30.   But for Plaintiff's disability, perceived disability and/or need for a reasonable accommodation, Defendant would not have terminated his employment.

4

31. Upon information and belief, Defendant are aware of their obligations under the ADA and the NYSHRL.

32. As a result of Defendant's action, Plaintiff feels extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

33. As a result of the acts and conduct complained of herein, Plaintiff has suffered a loss of income, the loss of a salary, bonus, benefits, and other compensation which such employment entails. Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

34. Plaintiff was, and remains, a qualified individual who can perform the essential functions of his employment with or without a reasonable accommodation as defined by § 12111(8) of the ADA.

35. Defendant's conduct was malicious, willful, outrageous, and conducted with full knowledge of the law, and/or violation thereof.

36. As such, Plaintiff demands punitive damages against Defendant.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER THE ADA

37. Plaintiff repeats, reiterates, and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

38. Plaintiff claims Defendant violated the Americans with Disabilities Act of 1990 (Pub. L. 101-336) (ADA), as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101.

39. Title 42 of the Americans with Disabilities Act of 1990, Chapter 126, Subchapter I, Section 12112, Discrimination [Section 102] states: "(a) General rule. - No covered entity shall

discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

40. Since June 2019 through the present, Plaintiff has been physically impaired due to his TBI.

41. At all relevant times, Plaintiff's physical condition has substantially limited his major life activities.

42. At all relevant times, Plaintiff was qualified as "disabled" pursuant to the ADA because he was actually impaired as described in 42 U.S.C. § 12102(1)(A).

43. Plaintiff requested reasonable accommodations. Specifically, he requested leave to recover from his fall.

44. Defendants were aware of Plaintiff's disability.

45. At all relevant times, Plaintiff was qualified to perform the essential duties of his position with the requested reasonable accommodation.

46. The accommodations that Plaintiff requested were reasonable.

47. Defendants discriminated against Plaintiff in violation of the ADA by giving him additional work responsibilities and placing him on a PIP, and terminating him because of his TBI

48. Defendants do not have a justifiable reasonable excuse for placing Plaintiff on a PIP.

49. Defendants knowingly and intentionally discriminated against Plaintiff because of his disability.

50. Defendants are liable for the acts and omissions of its agents and employees.

51. Plaintiff suffered injuries as a result of Defendant's failure to reasonably accommodate his disability.

52.   Defendant's failure to accommodate Plaintiff's disability and termination of Plaintiff's employment due to his disability was the direct and proximate cause of Plaintiff's injuries, damages, and losses.

53.   Defendants acted with malice or reckless indifference to Plaintiff's federally protected rights under the ADA when it refused to provide a reasonable accommodation for his disability.

### AS A SECOND CAUSE OF ACTION
### FOR RETALIATION UNDER THE ADA

54.   Plaintiff repeats, reiterates, and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

55.   The ADA prohibits retaliation, interference, coercion, or intimidation against an employee who engages in protected activity.

56.   42 U.S.C. § 12203 provides:

   i.   Retaliation. No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

   ii.   Interference, coercion, or intimidation. It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter.

57.   Plaintiff engaged in protected activity when he asked Defendant for reasonable accommodations for his disability, including leave to recover from surgery.

58.   Defendants treated Plaintiff less favorably than his similarly situated counterparts who did not engage in protected activity.

7

59.    Defendants interfered with Plaintiff in the exercise and enjoyment of his rights under the ADA by placing Plaintiff on PIP due to his need for an accommodation.

60.    Defendants are liable for the acts and omissions of its agents and employees. Defendant, either directly or by and through its agents, retaliated against Plaintiff and caused his injuries, damages, and losses.

61.    Defendant's retaliatory conduct was the direct and proximate cause of Plaintiff's injuries, damages, and losses.

62.    Defendant's conduct was with malice or reckless indifference to Plaintiff's federally protected rights under the ADA.

## AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK STATE LAW

63.    Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

64.    Executive Law § 296 provides that:

> i.It shall be an unlawful discriminatory practice: "(a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, **disability**, predisposing genetic characteristics, familial status, marital status, or status as a victim of domestic violence, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

65.    As described above, Defendant discriminated against Plaintiff on the basis of his disability, in violation of NYSHRL, subjecting him to disparate working conditions, and by creating, fostering, condoning, accepting, ratifying, and/or negligently failing to prevent or remedy a hostile work environment that included, among other things, harassment of Plaintiff based on Plaintiff's disability.

66.    As a result of Defendant's unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, economic loss, for which he is entitled to an award of monetary damages and other relief.

67.    As a result of Defendant's unlawful discriminatory conduct in violation of NYSHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

68.    Defendants engaged in an unlawful discriminatory practice by refusing to provide a reasonable accommodation for and terminating Plaintiff because of his illness, which qualifies as a disability within the meaning of the NYSHRL.

69.    Defendants' unlawful discriminatory actions constitute malicious, willful, and wanton violations of the NYSHRL, for which Plaintiff is entitled to an award of punitive damages.

## AS A FOURTH CAUSE OF ACTION FOR RETALIATION UNDER THE NEW YORK STATE LAW

70.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

71.    Executive Law § 296 provides that, "7. It shall be an unlawful discriminatory practice for any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he or she has filed a complaint, testified, or assisted in any proceeding under this article."

72.    As described above, Plaintiff engaged in protected activities, including making internal complaints regarding Defendant's discrimination based on Plaintiff's disability.

73.     As described above, after Plaintiff engaged in activity protected by the NYSHRL, Defendant took adverse actions against Plaintiff.

74.     As a result of Defendant's retaliatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer pecuniary losses, severe mental anguish and emotional distress, including, but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages, as well as past and future lost wages and benefits and other compensatory damages, and other relief.

## JURY DEMAND

75.     Plaintiff requests a jury trial on all issues to be tried.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendant:

A.  Declaring that Defendant engaged in unlawful employment practices prohibited by the ADA and the NYSHRL in that Defendant discriminated and retaliated against Plaintiff on the basis of his disability;

B.  Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendant's unlawful discrimination and retaliation, and to otherwise make him whole for any losses suffered as a result of such unlawful employment practices;

C.  Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to his reputation in an amount to be proven;

D.  Awarding Plaintiff punitive damages;

E.  Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the prosecution of the action;

F.  Awarding Plaintiff such other and further relief as the Court may deem equitable, just and

proper to remedy the Defendant's unlawful employment practices.

Dated:  Garden City, New York
        September 14, 2022

                                        **PHILLIPS & ASSOCIATES,**
                                        **ATTORNEYS AT LAW, PLLC**

                        By:  _____/s/_____
                                        Joshua M. Friedman, Esq.
                                        *Attorneys for Plaintiff*
                                        585 Stewart Avenue, Suite 410
                                        Garden City, NY, 11530
                                        T: (212) 248-7431
                                        F: (212) 901-2107
                                        jfriedman@tpglaws.com